IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| EARL FRANCIS HART | § | |
| VS. | § | CIVIL ACTION NO. 1:23-CV-165 |
| WARDEN, USP BEAUMONT | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Earl Francis Hart, a prisoner confined at the United States Penitentiary in Beaumont, Texas, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

The Petition was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Petitioner is in custody pursuant to a judgment entered in the United States District Court for the District of Massachusetts in cause number 1:09-CR-1005. Following a jury trial, Petitioner was found guilty of: conspiracy to possess with intent to distribute Oxycodone (Count 1); attempted possession of Oxycodone with intent to distribute (Count 2); being a felon in possession of a firearm and ammunition (Count 3); and using and brandishing a firearm in furtherance of a drug trafficking crime (Count 4). On January 27, 2011, Petitioner was sentenced to 240 months of imprisonment for Counts 1 and 2, 293 months for Count 3, and a mandatory term of life imprisonment for Count 4. On direct appeal, the United States Court of Appeals for the First Circuit vacated the life sentence for Count 4 and remanded the case for re-sentencing. *United States v. Hart*, No. 11-1201 (1st Cir. Aug. 27, 2012).

During his re-sentencing, the district court determined that Petitioner was an armed career criminal under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), and a career offender under § 4B1.1 of the United States Sentencing Guidelines. Petitioner was re-sentenced to a total of 360 months of imprisonment: 240 months for Counts 1 and 2; 276 months term for Count 3, to be served concurrently; and 84 months for Count 4, to be served consecutively to the other three sentences. The sentence was affirmed on appeal. *United States v. Hart*, No. 13-1199 (1st Cir. Apr. 17, 2014).

Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Petitioner argued that his sentence was invalid because he no longer qualified as an armed career criminal after the United States Supreme Court struck down the residual clause of the ACCA in *Johnson v. United States*, 576 U.S. 591 (2015). The district court was not persuaded that Petitioner had a third qualifying predicate conviction in light of *Johnson*, but concluded that it was not necessary to resolve the issue because Petitioner would still be sentenced to 360 months as a career offender under U.S.S.G. § 4B1.1 since he had two qualifying convictions. *Hart v. United States*, 1:09-CR-10005-PBS, slip op. at 1-2 (D. Mass. May 22, 2018). Petitioner filed a notice of appeal, and the First Circuit denied his request for a certificate of appealability. *Hart v. United States*, No. 19-8002 (1st Cir. Dec. 10, 2019).

<u>The Petition</u>

Petitioner contends that his sentence is illegal because he does not qualify as an armed career criminal under the ACCA or as a career offender under U.S.S.G. § 4B1.1.

Analysis

Title 28 U.S.C. § 2255 provides the primary means of collaterally attacking a federal conviction and sentence. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Section 2241 is correctly used to attack the manner in which a sentence is executed. *Id*. A petition for writ of habeas corpus is not a substitute for a motion to vacate sentence pursuant to § 2255. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). A prisoner may use § 2241 as the vehicle for attacking the conviction only if it appears that the remedy by motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. Petitioner bears the burden of proving the inadequacy or ineffectiveness of a motion under § 2255. *Jeffers*, 253 F.3d at 830. A prior unsuccessful § 2255 motion, or the inability to meet the AEDPA's requirements, does not make § 2255 inadequate or ineffective. *Tolliver*, 211 F.3d at 878.

The Fifth Circuit has set forth two requirements Petitioner must satisfy to file a § 2241 petition in connection with the savings clause of § 2255. In *Reyes-Requena v. United States*, the Fifth Circuit held that the savings clause of § 2255 applies to a claim that: (i) is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). To meet the first, or actual innocence, prong of this test, the petitioner must prove that, based on a retroactively applicable Supreme Court decision, he was convicted for conduct that did not constitute a crime. *Jeffers,* 253 F.3d at 830-31.

Petitioner's claims regarding his sentence do not meet the *Reyes-Requena* standard. First, § 2255 is not an inadequate or ineffective remedy because he was able to raise his claims in his

Motion to Vacate, Set Aside, or Correct Sentence. Second, a challenge to the validity of a sentence enhancement is not the type of claim that warrants relief under § 2241. *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000). Finally, Petitioner's claims do not meet the *Reyes-Requena* standard because Petitioner has not demonstrated that he was convicted for conduct that did not constitute a crime. Therefore, the Petition should be dismissed.

## Recommendation

This Petition for Writ of Habeas Corpus should be dismissed.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court, except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 15th day of May, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE