IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| EARL FRANCIS HART | § | |
| VS. | § | CIVIL ACTION NO. 1:23-CV-165 |
| WARDEN, USP BEAUMONT | § | |

### ORDER OVERRULING PETITIONER'S OBJECTIONS ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Earl Francis Hart, a prisoner confined at the United States Penitentiary in Beaumont, Texas, proceeding *pro se*, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

The Court referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The magistrate judge recommends dismissing the Petition.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Petitioner filed Objections to the Report and Recommendation of United States Magistrate Judge.

The Court has conducted a *de novo* review of the Objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the Court concludes the Objections are without merit.

Petitioner contends that his sentence is illegal because he does not qualify as an armed career criminal under the Armed Career Criminal Act (ACCA) or as a career offender under United States

Sentencing Guideline § 4B1.1. *See Johnson v. United States*, 576 U.S. 591, 606 (2015) (holding that the residual clause of the ACCA, which allowed for the enhancement of a sentence for being a felon in possession of a firearm, was unconstitutionally vague). In most cases, a post-conviction challenge to a federal conviction or sentence must be brought pursuant to 28 U.S.C. § 2255 in the sentencing court. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). The "savings clause" of § 2255 allows a prisoner pursue relief under § 2241 only if it appears that the remedy by § 2255 motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). A prior unsuccessful § 2255 motion, or the inability to meet the requirements for filing a successive § 2255 motion, does not make § 2255 an inadequate or ineffective remedy. *Tolliver*, 211 F.3d at 878.

In this case, the savings clause does not provide Petitioner with an avenue for post-conviction relief under § 2241. Petitioner was able to raise his claims in a § 2255 motion. The sentencing court considered the merits of Petitioner's claims and concluded that he was not entitled to relief. Petitioner's lack of success in pursuing relief under § 2255 motion does not meet his burden of demonstrating that § 2255 is an inadequate or ineffective remedy, such that he should be allowed to pursue the same claims in a § 2241 petition.

## ORDER

Accordingly, Petitioner's Objections [Dkt. 5] are OVERRULED. The findings of fact and the conclusions of law of the magistrate judge are correct, and the magistrate judge's Report and

Recommendation [Dkt. 3] is ADOPTED. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

**SIGNED this 22nd day of October, 2023.**

*Michael J. Truncale*
Michael J. Truncale
United States District Judge